UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KATHALEEN L. DENMAN, | § | No. 5:14–CV–744–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| PALM HARBOR VILLAGES, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment filed by Defendant Palm Harbor Villages, Inc. ("Palm Harbor") (Dkt. # 31). Plaintiff Kathaleen Denman did not file a response. Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. For the reasons stated below, the Court **GRANTS** Palm Harbor's Motion for Summary Judgment (Dkt. # 31).

BACKGROUND

According to Plaintiff, in June 2012, Palm Harbor installed a manufactured home (the "Home") on property she owned, located at 8447 FM 1101, Seguin, Texas 78155. ("Compl.," Dkt. #1-1, ¶ 8.) Plaintiff resides in the Home with her husband. (Id. ¶ 9.) Plaintiff's complaint states that in "mid-August, 2012, as [she] was exiting the manufactured home, [she] stepped onto the

1

stairs installed by Defendant . . . the stairs shifted and [she] stumbled and fell." (Id. ¶ 10.)  Plaintiff claims she hit her head and was seriously injured as a result. (Id. ¶¶ 11–12.)  According to Plaintiff, the stairs had no railing, and shifted because they were not attached to her Home or otherwise anchored to the ground.  (Id. ¶ 12.)

Plaintiff brought suit against Palm Harbor on August 6, 2014, in the 25th Judicial District Court of Guadalupe County, Texas.  She alleged that Palm Harbor was liable for negligent failure to construct and install the stairs in a reasonably safe condition.  (Compl. ¶ 16.)  She sought damages to compensate her past and future medical expenses, physical pain and suffering, mental anguish, physical impairment, and loss of earnings, consortium, hearing, mental function, and household services.  (Id. ¶ 21.)

On August 21, 2014, Defendant removed the case pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332.  (Dkt. # 1); 28 U.S.C. § 1332(a).  On January 20, 2016, the case was reassigned to the undersigned.  (Dkt. # 22.)  Palm Harbor filed the instant motion for summary judgment on June 2, 2016.  (Dkt. # 31.)  Plaintiff, who is represented by counsel, did not file a Response.

## LEGAL STANDARD

"Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Bridgmon v. Array Sys. Corp., 325 F.3d 572, 576 (5th Cir. 2003); Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The main purpose of summary judgment is to dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp., 477 U.S. at 323. If the moving party meets this burden, the non-moving party must come forward with specific facts that establish the existence of a genuine issue for trial. ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc., 699 F.3d 832, 839 (5th Cir. 2012). In deciding whether a fact issue exists, the Court "may not make credibility determinations or weigh the evidence." Tibler v. Dlabal, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003). "Where

the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012) (quoting Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

## ANALYSIS

Palm Harbor argues that summary judgment should be granted on the issue of negligence, because it was not responsible for constructing the stairs, and therefore had no duty to construct the stairs safely. (Dkt. # 31.)

"A cause of action in Texas requires three elements. There must be a legal duty owed by one person to another, a breach of that duty, and damages caused by the breach." D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002). "In order to establish tort liability, a plaintiff must initially prove the existence and breach of a duty owed to him by the defendant." Otis Eng'g Corp. v. Clark, 668 S.W.2d 307, 309 (Tex. 1983). "The existence of a duty is a question of law." Nabors Drilling, U.S.A., Inc. v. Escoto, 288 S.W.3d 401, 404 (Tex. 2009).

Palm Harbor states that on April 24, 2012, Plaintiff's daughter Darlene Dilley, entered into a contract with Palm Harbor for the purchase and installation of the Home. (Dkt. # 31 ¶¶ 4–6; "Contract," Dkt. # 31-3, at 2.) Pursuant to the contract, Dilley agreed to pay $58,549.59 to purchase a manufactured home outfitted with certain appliances. (Contract at 2, 4.) The

4

contract indicates that the purchase price included various "contract options," including delivery, foundation preparation, setup of sewer, water, and electrical lines, and the installation of vinyl skirting around the foundation. (Id. at 4.) The contract indicates that Dilley did not elect to install "drive/walks/flat services." (Id.)

Seth Roberts, the General Manager and custodian at Palm Harbor, submitted an affidavit stating that he had a discussion with Plaintiff's husband and daughter to determine whether they would like to purchase stairs for the entrance of the Home. ("Roberts Aff.," Dkt. # 31-2 ¶¶ 1, 9.) According to Roberts, Dilley and Mr. Denman explicitly declined to purchase stairs from Palm Harbor, indicating that they planned to build a deck after the Home was installed. (Id. ¶ 9.)

There is no evidence in the record that Palm Harbor installed the stairs, aside from the conclusory allegation in Plaintiff's complaint that she "stepped onto the stairs installed by Defendant," which subsequently shifted because they were not attached to her home or otherwise anchored into the ground. (Compl. ¶¶ 10, 12.) While another party may have installed the stairs, Palm Harbor "is under no duty to control the conduct of another, even if [it] has the practical ability to exercise such control." Escoto, 288 S.W.3d at 404 (quoting Otis, 668 S.W.2d at 309). Plaintiff has presented no evidence to indicate that Palm Harbor owed her a duty of care, because she has presented no evidence that Palm

5

Harbor installed the stairs on her Home. Absent a duty, there can be no breach of the duty. Escoto, 288 S.W.3d at 413 (declining to consider whether a breach had occurred, where no duty existed).

Summary judgment is appropriate in a negligence case "where there are no disputed issues of material fact." Love, 92 S.W.3d at 454. Here, Plaintiff has not met her initial burden of showing an issue of material fact as to whether Palm Harbor manufactured or installed the allegedly defective stairs. Accordingly, there is no genuine issue of material fact regarding Palm Harbor's negligence, and summary judgment should be **GRANTED** as to this issue.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is **GRANTED** (Dkt. # 31). There being no other issues remaining in this case, the suit is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas. August 25, 2016.

_____
David Alan Ezra
Senior United States Distict Judge